Day, J.
 

 Under the pleadings and the finding of facts by the Court of Appeals, it appears that there was a sale and transfer in bulk of the stock of merchandise and fixtures by Henley to the bank in violation of Sections 11102, 11103 and 11103-1, General Code (known as the Bulk Sales Act), and we are of
 
 *373
 
 opinion that thé statute applies to a sale in hulk and transfer hy the debtor to the creditor in extinguishment, total or partial, of bis debt; and the bank having voluntarily abandoned its lien under the judgment and execution which it had issued, by receiving the entire stock of merchandise and fixtures in partial extinguishment of its debt, it cannot be restored to its position prior to the transfer of such merchandise and fixtures.
 

 The remaining question is whether or not the bank should be excluded, as one of the known creditors of Henley, from sharing in the trust fund created.
 

 The solution of this problem depends upon the construction to be given the words “such creditors” in Section 11103-1, General Code, wherein it is provided that any purchaser, transferee, shall at any time within ninety days after such sale, upon application of any of the creditors of the seller or transferor, become a trustee and be held accountable to such creditors,for all the goods, wares, merchandise, fixtures, etc. This language has received construction in this court in
 
 United Sales Promotion Co.
 
 v.
 
 Anderson,
 
 100 Ohio St., 58, 125 N. E., 106, wherein it is held:
 

 “Where one or more creditors commence a proceeding under favor of Section 11103-1, General Code, challenging the validity of a sale in gross, such action does not stop the running of the statute as to other creditors not parties thereto.
 

 “Where such an action has been commenced in due time by one or more creditors of the seller, other creditors may intervene by cross-petition at any time before the expiration of ninety days from the date of purchase.”
 

 
 *374
 
 ' The record discloses that on or about the 21st’day of April, 1928, the sale by Henley to the bank took place. The only pleading of the bank filed in this case is the answer, filed November 18, 1929; so that more than ninety days elapsed between the date of the sale and the bank’s filing anything in the premises as to its claim. Under
 
 United Sales Promotion Co.
 
 v.
 
 Anderson, supra,
 
 the bank was too late'; and under the construction given Section 11103-1 we are required to hold that only creditors who join in the application set forth in Section 11103-1, within the limitation prescribed therein, to wit, ninety days, are entitled to share in any fund arising from the enforcement of the Bulk Sales Law.
 

 The Legislature not having seen fit to make provision in Section 11103-1, General Code, such as appears in Section 11104, G-eneral Code, for distribution of a fund arising under fraudulent transfers therein referred to, to be administered “for the equal benefit of the creditors of the debtor or debtors in proportion to the amount of their respective demands,” and twelve years having elapsed since the interpretation placed on Section 11103-1, as given in
 
 United Sales Promotion. Co.
 
 v.
 
 Anderson, supra,
 
 it would seem that the legislative intent was to produce the result of the strict and narrow effect of the words “such creditors,” as appearing in Section 11103-1.
 

 Apparently this was the interpretation of the judges of the Court of Appeals, and we are required to affirm their judgment in the premises.
 

 Judgment affirmed.
 

 Jones, Allen, Kinkade and Robinson, '- JJ., concur.